## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VIRGINIA GALAVIZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-08-CV-305-XR |
| | § | |
| POST-NEWSWEEK STATIONS, SAN | § | |
| ANTONIO, INC. d/b/a KSAT/TV 12, POST- | § | |
| NEWSWEEK STATIONS, and SAN | § | |
| ANTONIO GP, POST-NEWSWEEK | § | |
| STATIONS, SAN ANTONIO LP, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

On this day the Court considered Plaintiff's Motion to Set Aside and/or Stay the Court's Order Regarding Costs (Docket Entry No. 92).  Defendants oppose the motion to set aside the order, but do not oppose a stay.  The motion is GRANTED IN PART AND DENIED IN PART.

### Background and Procedural History

Defendants Post-Newsweek Stations, San Antonio Inc.; Post-Newsweek Stations, San Antonio GP; and Post-Newsweek Stations, San Antonio LP were the prevailing parties on summary judgment.  The Court granted summary judgment for Defendants regarding Plaintiff Virginia Galaviz's claims for disparate treatment under Title VII, breach of employment contract, and intentional infliction of emotional distress.[1]  Defendants timely submitted a bill of costs, seeking $2,972.14.[2]  The Court awarded Defendants $1,743.90, finding this amount compensated them for

---

[1]Order, July 13, 2009 (Docket Entry No. 81).

[2]Bill of Costs, July 27, 2009 (Docket Entry No. 83).

their costs in accordance with 28 U.S.C. § 1920.[3]  Plaintiff moves the Court to set aside and/or stay the order on costs.[4]  Defendants oppose setting aside the order, but do not oppose staying the Court's order.

## Legal Standard

Rule 54(d) provides that costs "shall be allowed as of course to the prevailing party."  FED. R. CIV. P. 54(d).  "[O]rdinary costs . . . are . . . collateral matters for purposes of finality."  *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 521 (5th Cir. 1994) (quoting *Samaad v. City of Dallas*, 922 F.2d 216, 218 (5th Cir. 1991).  "A claim for . . . costs generally is not an independent claim for relief essential to the outcome of the case as a whole."  *Id.*

## Analysis

In this case, the Court taxed costs in favor of Defendants.  The Court's decision on costs was collateral to the merits of the case.  Galaviz provides the Court with no legal basis to set aside its order, except to argue that the Court's order on costs is premature because the parties are engaged in an appeal.  "While ordinarily the filing of a notice of appeal divests the district court of jurisdiction with respect to any matters involved in the appeal, the court may review the clerk's taxation of costs while an appeal is pending."  *Meisner v. State*, No. Civ.3:97-CV-2616-G, 2000 WL 1693981, at *1 n.1 (N.D. Tex. Nov. 9, 2000) (citing *Lucas v. Fla. Power & Light Co.*, 729 F.2d 1300, 1301 (11th Cir. 1984)); *see also Hoeller v. Eaton Corp.*, 149 F.3d 621, 626 (7th Cir. 1998) ("[Plaintiff]'s claim that [Defendant] cannot be the prevailing party because the case has been

---

[3]Order on Costs, Apr. 30, 2010 (Docket Entry No. 91).

[4]Mot. to Set Aside and/or Stay Order Regarding Court Costs, May 10, 2010 (Docket Entry No. 92).

2

appealed is specious; [Defendant] had all claims in the district court resolved in its favor and is the very definition of a prevailing party, regardless of the pendency of this appeal.").  Contrary to Plaintiff's characterization of the order as premature, the Court had the jurisdiction and authority to tax costs.  Therefore, the Court will not set aside its order.

Plaintiff has requested that the Court stay it order pending the outcome of the appeal.  Courts are not required to stay taxing costs pending the outcome of an appeal.  *See, e.g., Baldauf v. Davidson*, No. 1:04-cv-1571-TAB-JDT, 2008 WL 711703, at *1 (S.D. Ind. Mar. 14, 2008) (denying stay of taxation of costs pending appeal); *Chamberlain Group, Inc. v. Interlogix, Inc.*, No. 01-C-6157, 2002 WL 31176068, at *1 (N.D. Ill. Sept. 30, 2002) (same).  Plaintiff is not prejudiced in the event that the Fifth Circuit Court of Appeals issues a ruling that would then make the Plaintiff the prevailing party.  "When a district court judgment is reversed or substantially modified on appeal, any costs awarded to the previously prevailing party are automatically vacated." *Furman v. Cirrito*, 782 F.2d 353, 355 (2d Cir. 1986).  Notably, Defendants do not oppose the stay of the order pending appeal.  Therefore, the Court will grant the stay.

### Conclusion

Plaintiff's motion to set aside and/or stay the order regarding costs is GRANTED IN PART AND DENIED IN PART.  Accordingly, the Court will not set the order aside; however, the Court will grant a stay.  It is ORDERED that the order on costs issued on April 26, 2010, (Docket Entry No. 90) is stayed pending resolution of the appeal.

It is so ORDERED.

SIGNED this 11th day of May, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE